UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELIA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13 CV 1631 DDN |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

This action is before the court on the motions of pro se plaintiff Angelia Williams for remand to state court and for a default judgment (Docs. 9, 19.) and on the motion of defendant Wells Fargo Bank N.A. to dismiss. (Doc. 10.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 18.) The court heard oral argument on October 16, 2013.

## I. BACKGROUND

On June 9, 2012, with the assistance of pro bono counsel,[1] plaintiff Angela Williams commenced this action in Circuit Court of the City of St. Louis against defendant Wells Fargo Bank, N.A. (Doc. 2.) On August 19, 2013, defendant invoked diversity of citizenship subject matter jurisdiction, granted by 28 U.S.C. § 1332, to remove the action to federal court pursuant to 28 U.S.C. § 1441(a). (Doc. 1.) Plaintiff alleges two counts, one for wrongful eviction and the other for equitable relief. (Doc. 2.)

According to the state court petition, the following occurred. Defendant "steered" plaintiff to take out a costly nonprime loan on her property in St. Louis, Missouri, because of her race. (Id. at ¶ 11.) Because she paid "substantially higher costs for the loan," plaintiff defaulted on the loan. (Id. at ¶ 12.) Defendant foreclosed on the property. (Id. at ¶ 13.) Defendant began eviction proceedings in the Missouri circuit court. (Id.) At the time of the foreclosure, plaintiff

---

[1] Plaintiff's pro bono counsel was allowed by the Missouri circuit court to withdraw from this case on June 10, 2013. (Doc. 1-1 at 1-2.) This withdrawal came in response to plaintiff's request. (Id. at 2-4.)

had resided at the property for approximately twenty years.  (Id. at ¶ 5.)  On February 28, 2012, prior to a court eviction hearing, a representative of defendant went to plaintiff's property and, finding her at home, threatened to lock plaintiff out of the property.   (Id.)   Defendant's representative did not change the locks but told plaintiff that he would have done so if she had not been at home upon his arrival.  (Id.)  After defendant's representative left, plaintiff remained in her home for the rest of the day. (Id. at ¶ 6.)  Plaintiff worried that if she left her home, the locks would be changed in her absence.   (Id. at ¶ 7.)  Plaintiff, therefore, canceled business opportunities and appointments.  (Id.)

In Count I, plaintiff alleges that the conduct of defendant's representative constituted a wrongful eviction.   In Count II, plaintiff alleges defendant engaged in discriminatory lending practices for which she seeks equitable relief, including an order enjoining the foreclosure sale and enjoining her eviction, a stay of the proceedings in the Missouri circuit court eviction action brought by defendant, costs, and attorneys' fees.  (Id. at 3-4.)

## II.  PLAINTIFF'S MOTIONS

### a.  Motion to Remand

Plaintiff filed a "Motion to Object [to] Removal Notice," which the court construes as a motion to remand the action to the state court.  (Doc. 9.)  Plaintiff argues that she prevailed in the underlying state court action, because the circuit court ordered the case dismissed when defendant did not respond to plaintiff's discovery request for admissions and failed to appear for court proceedings.  (Docs. 9, 12.)  Defendant responds that it received no requests for admission and that the state court did not enter a judgment in this action.  (Doc. 13.)   Defendant suggests that plaintiff may be referring to a proposed order of dismissal which her attorney filed on her behalf, but which was not endorsed or filed by the state court.  (Id.)

Removal statutes are strictly construed, and any doubt about the propriety of removal is to be resolved in favor of state court jurisdiction and remand.  In re Prempro Products Liability Litigation, 591 F.3d 613, 620 (8th Cir. 2010); Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).  Courts must be "mindful that the nature of federal removal jurisdiction—restricting as it does the power of the states to resolve controversies in their own courts—requires strict construction of the legislation permitting removal."  Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002).  "If at any time before final judgment it

appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court from which it was removed.  28 U.S.C. § 1447(c).

The propriety of defendant's removal of this case to this court depends on whether plaintiff's claims come within the scope of the court's diversity of citizenship subject matter jurisdiction.  See 28 U.S.C. § 1441(a).  The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied.  Knudson v. Sys. Painters, Inc., 634 F.3d 968, 975 (8th Cir. 2011).   Federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."  28 U.S.C. § 1332(a)(1).

Defendant alleges that plaintiff is a citizen of Missouri, adverting to plaintiff's state court allegation that she is a resident of Missouri.  (Docs. 1 at ¶¶ 13-14; 2 at ¶ 1.)  Defendant is a federally chartered bank with its main office located in South Dakota.  (Doc. 1 at ¶ 13.)  "All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."  28 U.S.C. § 1348.  "[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."  Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006).  Therefore, defendant is a citizen of South Dakota for purposes of diversity jurisdiction and plaintiff is a citizen of Missouri.

Defendant alleges and plaintiff does not dispute that the value of the real estate involved in this action has a minimum value of $96,000, more than the jurisdictional requirement.  (Doc. 1 at ¶ 15.)

The record does not bear out plaintiff's argument describing the disposition of this case in the state court.  The Missouri circuit court did not enter any judgment at all in this case, much less one against defendant.  Williams v. Wells Fargo Bank, N.A., Case No. 1222-CC09176.[2]

 Accordingly, defendant satisfies the requirements for diversity of citizenship subject matter  jurisdiction.  Plaintiff's motion for remand is denied.

---

[2] The undersigned takes judicial notice of the state court proceedings as they are reported on Case.net, http://www.courts.mo.gov./casenet/ (last visited November 18, 2013).

**b.  Motion for Default Judgment**

Plaintiff also moves for final order and default judgment against defendant.  Plaintiff alleges that defendant failed to respond to her request for admissions dated March 7, 2013, and that the state court should have entered a default judgment against defendant.  She further alleges that defendant failed to appear at two separate court dates on June 5, 2013 and August 19, 2013.  (Doc. 19.)

"The entry of default judgment is not favored by the law and should be a rare judicial act."  In re Jones Truck Lines, Inc., 63 F.3d 685, 688 (8th Cir. 1995).  Fed. R. Civ. P. 55 governs entry of default and default judgments.  "[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)."  Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998).  Plaintiff has not moved for entry of a default.  Moreover, motions for entry of default for failure to defend must be "shown by affidavit or otherwise."  Fed. R. Civ. P. 55(a).  The record contains no affidavit supporting plaintiff's allegations regarding the failures to appear.

Further, defendant was not served with process in this case until July 19, 2013.  Williams v. Wells Fargo Bank, N.A., Case No. 1222-CC09176.  This was after plaintiff argues defendant first failed to appear in state court proceedings in June 2013.  Although a status conference hearing was scheduled for August 19, 2013—the second date on which plaintiff alleges defendant failed to appear—defendant filed the notice for removal on that date.  Thereafter, the state court reset the hearing and later stayed the case pending resolution of the federal court proceedings.  Id.

Accordingly, plaintiff's motion for final order and default judgment is without merit.

### III. DEFENDANT'S MOTION TO DISMISS

Defendant moves to dismiss plaintiff's petition for failure to state a claim upon which relief can be granted.  F. R. Civ. P. 12(b)(6).

Typically, a motion to dismiss under F. R. Civ. P. 12(b)(6) challenges the legal sufficiency of the allegations made in the complaint.  See Carton v. General Motor Acceptance Corp., 611 F.3d 451, 454 (8th Cir 2010); Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001).  To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 570  (2007).  To meet the plausibility standard, the complaint must contain "more than labels and conclusions."  Id. at 555.  Rather, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678  (2009).

Also, a motion to dismiss under Rule 12(b)(6) may be sustained if the claimant's allegations themselves establish an affirmative defense.  C.H. Robinson Worldwide, Inc. v. Lobrano, 695 F.3d 758, 764 (8th Cir. 2012).  In Lobrano, in holding that the affirmative defense of res judicata was properly ruled in defendant Lobrano's favor, the court stated, "[i]f an affirmative defense . . . is apparent on the face of the complaint . . . that [defense] can provide the basis for dismissal under Rule 12(b)(6).  Our interpretation of the phrase 'face of the complaint . . . include[s] public records and materials embraced by the complaint and materials attached to the complaint."  695 F.3d at 764 (internal citations omitted).

### a.  Count 1 claim of wrongful eviction

As stated, plaintiff has alleged against defendant that it "wrongfully initiat[ed an] eviction action" against her in Missouri circuit court.  (Doc. 2 at ¶ 8.)    Defendant argues the claim for wrongful eviction must be dismissed because in the judicial action it brought against plaintiff for unlawful detainer the Missouri state circuit court granted it judgment.    The public records of defendant's unlawful detainer action, Case No. 1222-AC01094, against plaintiff are found on the Missouri Courts Casenet website.    Judgment was entered on July 9, 2012, in favor of plaintiff Wells Fargo and against defendant Angelia Williams for possess of 4665 Penrose St. in St. Louis.  Williams did not appeal that judgment.  The court records indicate that Williams was evicted from the premises.

Under Missouri law, a person lawfully in possession of real estate may maintain an action against a landlord who has wrongfully evicted her.  Davidson v. Hess, 673 S.W.2d 111, 113 (Mo. App. 1984).  "A wrongful eviction claim involves a breach of contract by the landlord." Ladeas v. Carter, 845 S.W.2d 45, 52 (Mo. App. 1992).  "Where the eviction has resulted in mental or physical injury to the tenant, the latter may waive the breach of contract and sue in tort."  Id.  An eviction may be either actual or constructive.  Wilson v. Kavanaugh, 941 S.W.2d 605, 608  (Mo. App. 1997).   Actual eviction occurs when the landlord, without consent of the tenant, enters and takes possession during the lease and excludes the tenant from the property.

Id.  Constructive eviction occurs when a landlord substantially interferes with the lessee's beneficial enjoyment of the property through wrongful conduct.  Hurwitz v. Kohm, 594 S.W.2d 643, 647   (Mo. App. 1980).  Additionally, for constructive eviction, a tenant is required to have vacated the rented property.  Banister Real Estate Co. v. Edwards, 282 S.W. 138, 140  (Mo. App. 1926).

Plaintiff characterizes the incident on February 28, 2012 as the wrongful eviction. Plaintiff alleges that on that date, defendant's representative informed plaintiff of his intention to change the locks of the house.  (Doc. 2 at ¶ 6.)  Plaintiff alleges that she was forced to cancel business appointments and opportunities and that she feared being locked out of the property if she left.  (Id.)  However, plaintiff does not allege that defendant changed any locks and also does not allege that she vacated the home.  Furthermore, as stated, Missouri case law suggests that a wrongful eviction claim exists depends upon the defendant's breach of contract.  See Ladeas, 845 S.W.2d at 52.  Plaintiff does not allege that defendant breached any contract.  Rather, plaintiff admits she defaulted her loan with defendant.  (Doc. 2 at ¶ 12.)

For these reasons, plaintiff's own allegations and the relevant public records establish that the affirmative defense of res judicata applies to preclude further litigation that defendant wrongfully evicted plaintiff from her residence.  Defendant's motion to dismiss plaintiff's Count 1 claim is granted.

## b.  Count 2 claim for equitable relief

Defendant also moves to dismiss plaintiff's Count 2 claim for equitable relief.  The foundation of plaintiff's claim is her allegation that "Defendant Wells Fargo violated the law by illegally 'steering' plaintiff into a costly nonprime loan because of her race as an African American." (Doc. 2 at ¶ 10.)   In support of this allegation, plaintiff states:

> 11.   Wells Fargo has been found to have engaged in an illegal pattern and practice of race discrimination by its steering of African-Americans, such as plaintiff, who qualified for prime[] home mortgage loans, to costlier nonprime loans, resulting in an "Order to Cease and Desist, and Order of Assessment of a Civil Money Penalty" in the amount of $85 million being imposed on Wells Fargo.  (See, *United States of America, before the Board of Governors of the Federal Reserve System, Washington, In the Matter of Wells Fargo & Company, and Wells Fargo Financial, Inc., D.C.,* Docket Nos. 11-094-B-HC1, 11-94-I-HC1, 11-094-B-HC2, 11-094-I-HC2).

> 12.     As a result of Wells Fargo wrongfully steering plaintiff to a nonprime loan, plaintiff paid substantially higher costs for the loan, ultimately causing her to default.
>
> 13.     As a direct result and proximate result of Wells Fargo's discriminatory lending practices, plaintiff has suffered the foreclosure of her home and a civil court action by Wells Fargo to evict her from the property that is pending in Case No. 1222-A-C0109*4, Circuit Court City of St. Louis, State of Missouri*
>
> 14.     The unclean hands of defendant--i.e. engaging in discriminatory lending to plaintiff--is the primary basis for the foreclosure and eviction action against plaintiff because were it not for Wells Fargo charging plaintiff the higher nonprime rate because of her race, the mortgage not would have been affordable to plaintiff, with the principal more substantially paid down.

(Id.)   There is no specific fact alleged in plaintiff's petition, other than a reference to another legal proceeding apparently in the District of Columbia, that supports any plausible, reasonable inference that defendant engaged in racial discrimination against plaintiff.  Ashcroft v. Iqbal, 556 U.S. at 678.

Accordingly, defendant's motion to dismiss plaintiff's Count 2 claim to equitable relief is sustained.   An appropriate Order is issued herewith.

/S/   David D. Noce
_____
**UNITED STATES MAGISTRATE JUDGE**

Signed on November 18, 2013.